# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LUCKY EMAKPOR**,<br><br>    Plaintiff,<br><br>    v.<br><br>**FIRST COAST SECURITY SOLUTIONS, INC.**,<br><br>    Defendant. | Case No. 1:18-cv-00157 (TNM) |

## **MEMORANDUM ORDER**

Before the Court are the Defendant's Notice of Removal, ECF No. 1; the Plaintiff's Motion to Remand the case back to the Superior Court of the District of Columbia, ECF No. 6, which is fully briefed; and the parties' responses to the Court's *sua sponte* Order of March 15, 2018 seeking briefing on the timeliness of the Defendant's removal, ECF Nos. 10 and 14. Upon consideration of the pleadings, relevant law, related legal memoranda in opposition and in support, and the entire record, I find that removal was untimely. This matter will be remanded to the Superior Court of the District of Columbia.

On November 16, 2017, Plaintiff Lucky Emakpor filed his *pro se* claim in the Small Claims and Conciliation Branch of the Superior Court of the District of Columbia, seeking at least $3,600 in funds allegedly improperly withheld from his paycheck. Certified Copy of Transfer Order and Docket Sheet, ECF No. 4, at 5, 7. First Coast removed the case to federal court on January 24, 2018, citing federal question jurisdiction. Not. of Removal ¶ 6. First Coast stated that removal was timely as required by 28 U.S.C. § 1446(b) as it received the summons and complaint on December 26, 2017, and that jurisdiction and

venue are proper under 28 U.S.C. § 1441(a). *Id.* ¶¶ 2, 5-7. Mr. Emakpor, still *pro se* at the time, opposed First Coast's assertion of federal subject matter jurisdiction. Mot. for Remand. Because the Superior Court docket showed that service had been effectuated on November 22, 2017, seemingly making First Coast's removal untimely by over a month, I ordered First Coast to explain why removal was timely. Minute Order March 15, 2018; *see also* Def.'s Response in Supp. of Timely Removal, ECF No. 10. Mr. Emakpor, through retained counsel, has filed an omnibus response to First Coast's opposition to the motion to remand and its response to First Coast's explanation as to why removal was timely. Pl.'s Omnibus Response to Def.'s Opp. to Pl.'s Mot. to Remand, ECF No. 14.

A notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based". 28 U.S.C. § 1446(b). Removal statutes are to be strictly construed, *Williams v. Howard Univ.*, 984 F. Supp. 27, 29 (D.D.C. 1997), and on a motion to remand, the defendant bears the burden of proving that the court has jurisdiction. *Phillips v. Corrections Corp. of America*, 407 F. Supp. 2d 18, 20 (D.D.C. 2005) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).

In this case, I do not need to determine whether the Court's federal question jurisdiction is properly invoked because First Coast clearly removed the matter beyond the statutorily-prescribed time period. Per District of Columbia Code,

> Actions shall be commenced in the Small Claims and Conciliation Branch by the filing of a statement of claim . . . . The clerk of the Branch shall, at the request of an individual, prepare the statement of claim and other papers required to be filed in an action in the Branch . . . . A copy of the statement of claim and verification shall be made a part of the notice to be served upon the defendant named therein. The mode of service shall be by the United States

>marshal, as provided by law, or by registered mail or by
>certified mail with return receipt[.]

D.C. Code § 16-3902. Mr. Emakpor's Complaint, which he completed using Small Claims Form 11, provided a sworn statement of the claim and gave notice of a date and time for a hearing to be held on the claim. Certified Copy of Transfer Order and Docket Sheet, 5-7. The Complaint also included a Deputy Clerk's signature to attest to receiving Mr. Emakpor's statement of the claim. *Id*. at 5. Mr. Emakpor paid for service of the statement of claim to be made by certified mail, and the Superior Court docket shows that the receipt of service by certified mail was filed on November 22, 2017. *Id.* at 4, 14-15. Thus, it appears that service of process was properly prepared and executed.

First Coast does not contest that certified mail receipt was filed on November 22, 2017, or that the recipient of service, Incorp Services, Inc., is First Coast's registered agent in the District of Columbia. Def.'s Response in Supp. of Timely Removal ¶¶ 2,4. Rather, First Coast appears to blame its registered agent for not providing it with the appropriate documents. *Id*. ¶ 4 ("While Incorp . . . is First Coast's registered agent in the District of Columbia, First Coast did not receive any notice or copy of Plaintiff's Complaint in November 2017."); *id.* ¶ 5 ("On December 21, 2017, Incorp notified First Coast that a hearing had been scheduled for January 11, 2018 . . . Incorp provided First Coast notice of the hearing, but nothing else."). This is unacceptable. Service by certified mail is valid upon delivery to a person qualified to receive the certified mail, such as a registered agent. *See* Small Claims R. 4(c)(2).[1] Regardless of when First Coast alleges that it received the

---

[1] Available at https://www.dccourts.gov/sites/default/files/rules-superior-court/Small%20Claims%20Rule%204.%20Service%20of%20Process.pdf

Complaint,[2] service was properly effectuated by at latest November 22, 2017, when the return receipt for the certified mailing was filed. First Coast's deadline to remove the case to federal court was 30 days after that. *See* 28 U.S.C. § 1446. Its non-compliance with this statutory requirement, which must be strictly construed, *Williams,* 984 F. Supp. at 29, requires this matter be remanded back to the Superior Court for the District of Columbia.

For the foregoing reasons, it is

**ORDERED** that the Plaintiff's Motion to Remand is GRANTED;

**ORDERED** that this matter is REMANDED to the Superior Court for the District of Columbia; and

**ORDERED** that the Defendant's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim and Motion to Compel are DENIED as moot.

Dated: April 5, 2018

TREVOR N. MCFADDEN
United States District Judge

---

[2] First Coast initially attested that it "received the Summons, Complaint, and Initial Order" on December 26, 2017, Not. of Removal ¶ 2, but now claims that it did not receive and review the Complaint until January 11, 2018. Def.'s Response in Supp. of Timely Removal ¶ 7.